James Darrell McCOMB, Appellant,

v.

The STATE of Texas, Appellee.

No. 45822.

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Rehearing Denied Jan. 10, 1973.

Murray L. Lieberman, Houston, appointed on appeal, for appellant.

Carol S. Vance, Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The jury assessed the punishment at twenty-five years.

The indictment alleged a robbery of Walter Eubanks with a prior felony theft conviction alleged for enhancement.

Five grounds of error are presented complaining of the sufficiency of the evidence, the illegality of the arrest, a deprivation of effective assistance of counsel, of errors in the exhibits of prior convictions introduced against him at the punishment stage of the trial and of the introduction of an extraneous offense of robbery against him.

Walter Eubanks testified that he was night manager of a service station on Spencer Highway when, at approximately 2:15 a.m. on October 24, 1970, a light colored Thunderbird automobile driven by a woman entered. While Eubanks was servicing the automobile, the appellant got out and talked to him.

The appellant got back in the automobile and came out with a sawed-off shotgun which was identified at the trial by Eubanks as the robbery weapon. The appellant pointed the gun at Eubanks and ordered him to the cash register. Eubanks, in fear of his life, gave the appellant some $69.61. Then Eubanks complied with the order to go back of the station and not look back. After the automobile left, Eubanks called and reported the robbery to the police giving the description of the automobile and its occupants.

It is contended that the evidence is insufficient because Eubanks testified at the examining trial that the amount of money taken in the robbery was $49.50 and that Eubanks did not give the color of the Thunderbird to the officers. Eubanks testified that the correct amount taken was $69.61 and that he did not testify the amount to be $49.50. Eubanks testified that he was color-blind. The automobile was described as pink, lavender, tan or brown by other witnesses.

The jury passed upon the credibility of the witness and had sufficient evidence before it to conclude that the appellant was guilty.

Complaint is made that the arrest was illegal. The sawed-off shotgun, with a blond stock, money and a blond wig were found in the automobile after the arrest.

Officer Ingram testified on cross-examination by appellant's counsel that he received a call from the dispatcher that an Enco service station had been robbed on the corner of Preston and Spencer and that the vehicle was a tan or brown 1964 or 1965 Thunderbird, with a white male and a blond female and that they would be driving on Spencer Highway. He testified that the traffic conditions were moderate that night and he saw no other Thunderbird pass at that time. After he was asked if he stopped the first Thunderbird, he answered that he stopped the one fitting the description and that the automobile was "a '64 or '65 tan or pink or wine colored," but he thought it was pink.

■ It appears that the officer had sufficient probable cause to make the arrest and the subsequent search. See Boatright v. State, Tex.Cr.App., 472 S.W.2d 765.

Even if no probable cause existed and it was error to have admitted evidence of the search, no reversible error is shown because the appellant testified that the shotgun was in the car because his brother had repaired it for a friend and it was there to be delivered. He also testified that he had won the money found in the car by playing poker or shooting pool. When the appellant testified to the same facts that were proved by the State, error in admitting such facts was rendered harmless. See Moulton v. State, 486 S.W.2d 334 (1972); Hoover v. State, Tex.Cr.App., 449 S.W.2d 60.

Next, the appellant contends that the trial court erred in overruling his motion for continuance because he had not had time to prepare. This motion was presented the day of the trial. He now complains that since the motion for continuance referred to a request to withdraw by the attorney that the court should have inquired into a conflict between the appellant and his trial counsel.

■ The indictment was presented on December 21, 1970. The docket sheet re-

flects that on February 12, 1971, the appellant appeared with counsel, Ken Ralston, who was apparently retained. The case was then reset for May 18, 1971. The case went to trial as scheduled. The record shows that counsel had sufficient time to prepare for trial. No abuse of discretion has been shown on the part of the trial court in overruling the motion for continuance.

The mere allegation that the trial court was put on notice of a possible conflict between appellant and his counsel presents nothing for review.

Next, the appellant contends "that the convictions admitted as evidence on the punishment phase of the trial were in part erroneous and void and the lack of objection thereto was not necessary to raise the issue of their validity on appeal since the error is fundamental and involves the principal of the deprivation of liberty without due process."

The contention of the appellant is that a Potter County conviction for theft of property over the value of $50.00 was void, because his probation in such cause was revoked when he was not represented by counsel.

The indictment contained an allegation of the Potter County conviction for enhancement purposes under Article 62, Vernon's Ann.P.C. This part of the indictment was dismissed after the appellant was found guilty and before the commencement of the punishment phase of the trial. The State did not make this prior conviction known to the jury. The appellant, on cross-examination at the guilt-innocence stage of the trial, volunteered the information that he had been convicted for such offense, and that it was void because he did not have counsel when probation was revoked. He was being questioned by the prosecuting attorney Holmes when the following occurred:

"Q. (By Mr. Holmes) When was the last time you were convicted, Mr. McComb?

"A. On July 23, 1965.

"Q. And for what were you convicted?

"A. Forgery and passing.

"Q. And how many cases of forgery were you convicted on, sir?

"A. There was, I believe, six simultaneous cases.

"Q. And I believe all those sentences ran concurrently, didn't they?

"A. No sir.

"Q. How much time did you spend?

"A. There was another sentence I had that was prorated and the sentence run concurrent with that one which is the one you are using as the enhancement in this case.

"Q. I see, sir.

"A. Which is also void due to me not being represented by counsel.

"Q. You say the theft case is void because you were not represented by a lawyer?

"A. Yes, sir.

"Q. Had you ever been told that the judgement recites that you were convicted?

"A. There had been a petition filed against him and a hearing has been —will be granted July 6th.

"Q. Mr. McComb, let me show you a photograph that I ask be marked as State's Exhibit No. 9.

(Whereas State's Exhibit No. 9 was marked for identification)

"Q. (By Mr. Holmes) I will show you State's Exhibit No. 9. Is that your photograph?

"A. Yes sir.

"Q. And the one you say you didn't have a lawyer on, is that this one here, 12194?

"A. Yes.

"Q. Styled The State of Texas Vs. James McComb, in Potter County, Texas.

"Q. (By Mr. Holmes) You say you are the same person that according to these papers were accorded adult probation in that case and had it subsequently revoked, is that right?

"A. But when it was revoked I wasn't represented by counsel at the revocation hearing.

"Q. You were represented by counsel during the probation, but when you were revoked you weren't?

"A. Yes.

"Q. I see. And that is cause no. 12194 for theft over fifty dollars?

"A. That's right sir."

The appellant had had much prior experience in the courts. His pro se brief and the record reflect that he was well versed in the law, especially that part where one has a right to counsel.

■ To permit one on his own to volunteer the fact that he had a void prior conviction, which the State had not offered and which was abandoned, and get a reversal because of such volunteered testimony would be a farce and a mockery of justice.

We hold no reversible error has been shown. The cases cited by appellant are not in point because they are instances where the prosecution, and not the appellant, introduced prior convictions where an accused had been deprived of counsel.

■ Lastly, complaint is made of the court's charge which limited the jury's consideration of extraneous offenses. The appellant's defense was alibi. Another robbery the same night was proved against

appellant. There was no objection to the charge given. Nothing is presented for review. Williams v. State, Tex.Cr.App., 477 S.W.2d 24.

The record contains no reversible error. The judgment is affirmed.

ONION, Presiding Judge, concurring, joined by ODOM, Judge.

I must state my disagreement with the majority's disposition of appellant's contention that his prior 1964 Potter County conviction for felony theft was improperly admitted at the penalty stage of his trial and utilized for enhancement of punishment as part of his "prior criminal record" under the provisions of Article 37.07, Vernon's Ann.C.C.P.

The prior conviction was alleged in the indictment for the purpose of the enhancement of punishment under Article 62, V. A.P.C. At the guilt stage of the trial, the State sought to impeach the appellant as a witness in his own behalf by using this conviction as well as six other 1965 felony convictions. During such cross-examination, the appellant in explaining his answer stated that the Potter County conviction was void because he was without counsel at the time of the probationary revocation hearing in such case. The impeachment was accomplished over a general objection. The court's charge at the trial's guilt stage limited the prior convictions to the purpose for which they had been admitted—the credibility of the appellant as a witness in his own behalf.

Thereafter, the State waived and abandoned that portion alleged in the indictment for enhancement. The reason therefor is not disclosed by this record.

At the hearing on punishment, the State introduced the "prison packet" of all seven prior convictions and the testimony of a fingerprint expert that the known prints of the appellant were identical with the fingerprints attached to the "prison jacket."

The appellant was in error in his ground of error in stating there was no objection to the introduction of this evidence. His counsel did state, "We have already stated our objection to No. 9," (Exhibit #9, the prison packet containing record evidence of all prior convictions including the one in question). It is not clear just what previous objection to which counsel had reference. The prison packet, admitted over such objection, is silent as to counsel at the time of revocation of probation in the Potter County felony theft conviction.

In Burgett v. Texas, 389 U.S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319, the Supreme Court wrote:

"Presuming waiver of counsel from a silent record is impermissible. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477 [16 L.Ed.2d 526]) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right."

Since Burgett, the Supreme Court has made it clear that convictions invalid under Gideon v. Wainwright may not be properly taken into consideration in assessing punishment (United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592) nor to support guilt by impeaching an accused as a witness (at least where it might influence the outcome of the case), Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed. 2d 374. See also Wood v. State, Tex.Cr. App., 478 S.W.2d 513; Ex parte Scott, 485 S.W.2d 921, (1972); Simmons v. State, 456 S.W.2d 66, 75 (Tex.Cr.App.1970—dissenting opinion).

In Mempa v. Rhay, 389 U.S. 128, 88 S. Ct. 254, 19 L.Ed.2d 336, the Supreme Court also held that the appointment of counsel

for an indigent is required at every stage of a criminal proceeding where substantial rights may be affected and as a matter of federal constitutional law, a lawyer must be afforded such accused at a proceeding for revocation of probation or deferred sentencing. This Court wrestled with the question of the retroactivity of such decision in Crawford v. State, 435 S.W.2d 148 (Tex.Cr.App.1968). By the time of rehearing in Crawford, the Supreme Court had held Mempa v. Rhay was to be given retroactive application. See McConnell v. Rhay and Stilner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2. See also Ex parte Fuller, 435 S.W.2d 515 (Tex.Cr.App.1969).

If the appellant has brought himself within the Gideon rationale, then it would appear that the prosecution should not have impeached him with an invalid conviction at the guilt stage of the trial nor, as he complains, introduced the same at the penalty stage of the trial as a part of his "prior criminal record" to enhance punishment.

In explaining his answer on cross-examination at the guilt stage of trial, appellant stated he did not have an attorney when his probation was revoked in Potter County. He did not testify that at the time he was indigent, did not have counsel and did not waive the right to counsel, nor that he had counsel and was deprived of his services. Despite the general objection at the penalty stage, no proof was offered as to appellant's indigency, etc., at the time in question. Under these circumstances, I cannot conclude that the appellant has brought himself within the Gideon rationale. Even if it can be validly argued that he did, I perceive no reversible error. If he was improperly impeached by a void conviction, it could not have influenced the outcome of the guilt stage of the trial in light of the evidence described in the majority opinion and the other six valid prior convictions with which he was also impeached. Further, he does not complain of such impeachment. Next, any error in introduction of a wholly unconstitutional prior conviction at the penalty stage would have been harmless error in view of the circumstances of the offense and other parts of the appellant's "prior criminal record" validly received into evidence and the penalty itself. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284.

For the reason stated, I concur in the result reached by the majority, but I cannot agree to disposing of the ground of error on the basis that appellant "volunteered" information as to possible infirmity of the conviction on cross-examination at the guilt stage of the trial and that somehow to allow the appellant to subsequently complain of the use of an allegedly void prior conviction at the penalty stage would constitute a mockery of justice.