Elza Woodard CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 46410.

Court of Criminal Appeals of Texas.

June 27, 1973.

---

Weldon Holcomb, Tyler, for appellant.

Curtis Owen Dist. Atty., Al Thigpen, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is driving while intoxicated, second offense; the punishment, three (3) years in the Department of Corrections.

■ The sole ground of error relates to the admission at the punishment hearing of a prior misdemeanor conviction for driving while intoxicated. The prior conviction was not alleged for jurisdictional purposes. Appellant contends the judgment did not affirmatively reflect that appellant had been represented by counsel.

An examination of the record in this cause fails to show that appellant at any time testified, or even claimed, that he was without counsel at the time of this prior conviction or that he was indigent and did not waive his right to counsel at the time of that conviction. His only claim is that the judgment and sentence do not affirmatively reflect that he was represented by counsel. In this regard it should be noted that the State's Exhibit # 4, which is the record of the prior misdemeanor conviction in question, composed of some five pages, includes a two-page motion for continuance signed by one Tate McCain as attorney for appellant. This indicates that at some time during the pendency of that cause appellant was represented by counsel. Recently in Boss v. State, Tex.Cr.App., 489 S.W.2d 580, this Court said,

> "Appellant has the burden to show that he was without counsel or that he was indigent and did not voluntarily waive his right to counsel."

See also Lott v. State, Tex.Cr.App., 480 S.W.2d 743; McComb v. State, Tex.Cr.App., 488 S.W.2d 105 (Concurring Opinion).

Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, relied upon by appellant, is distinguishable, because in that case it was undisputed that the accused was not represented by counsel at the time of his prior convictions.

Reliance upon Wood v. State, Tex.Cr.App., 478 S.W.2d 513, is also misplaced, since in that case the defendant contended that she had been indigent and without counsel at the time of her prior convictions. There is no such contention in the case before us here.

■ If, on the other hand, this Court was to assume that the prior conviction mentioned was void, we have concluded that its proof before the court without the intervention of a jury at the punishment phase of the trial would be harmless error in view of the fact that two prior felony convictions and two misdemeanors were also introduced at that hearing. See Vera v. State, Tex.Cr.App., 473 S.W.2d 22.

Finding no reversible error, the judgment is affirmed.