Ex parte Eden P. FLORES.

No. 51830.

Court of Criminal Appeals of Texas.

June 9, 1976.

Connell Ashley, Odessa, for appellant.

Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

Petitioner was convicted of the unlawful sale of heroin in the 161st District Court of Ector County and assessed a two hundred fifty (250) year sentence on December 29, 1970. The conviction was affirmed on appeal. See *Flores v. State*, 509 S.W.2d 580 (Tex.Cr.App.1974).

Petitioner has filed an application for writ of habeas corpus with the trial court, alleging, in part, that the State admitted into evidence a void prior conviction at the punishment phase of his 1970 trial and that this conviction was considered by the jury in assessing punishment. The petitioner alleges that he was found guilty in Midland County of the offense of possession of marihuana in Cause Number 2071, for which he received probation in 1955; however, his probation was revoked on November 21, 1957, at a time when he was without counsel, indigent, and had not waived his right to counsel at the probation revocation pro-

ceeding. This Court remanded the case back to the trial court for habeas corpus evidentiary hearing on this issue.[1] During the evidentiary hearing, the petitioner testified that he was not represented by counsel during his probation revocation proceeding; this fact is uncontroverted by the State. The trial records of the revocation proceeding are silent as to counsel, and the trial court made an affirmative finding that petitioner was not so represented by an attorney. The trial court further made a personal finding that it was not the "common practice" for the courts to appoint counsel for persons in revocation proceedings. Based upon the record before this Court, we conclude the trial court's findings that petitioner was not represented by counsel are correct. See *Ex parte Herrera*, 493 S.W.2d 809 (Tex.Cr.App.1973); *Ex parte Bird*, 457 S.W.2d 559 (Tex.Cr.App.1970); *Bray v. State*, 531 S.W.2d 633 (Tex.Cr.App.1976).

It is, of course, well settled that criminal defendants are entitled to counsel at probation revocation proceedings under the Sixth Amendment to the United States Constitution. See *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Ex parte Bird*, supra; *Ex parte Jentsch*, 510 S.W.2d 320 (Tex.Cr.App.1974); *Ex parte Shivers*, 501 S.W.2d 898 (Tex.Cr.App.1973). Under the record before this Court, this probation revocation proceeding is therefore void. Furthermore, it is also well settled that void prior convictions should not be admitted at the punishment phase of a trial. See *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Ex parte Olvera*, 489 S.W.2d 586 (Tex.Cr.App. 1973).[2]

The only question remaining in this case is whether or not the admission of the *revocation proceeding* constituted harmful error

---

1. We have reviewed all of the other contentions raised by petitioner's application and are of the opinion that they are without merit.

2. Even though the record before this Court clearly indicates that petitioner did not object to the admission of this prior conviction at the time of his original trial in 1970, such a failure to object is *not a waiver* since at the time of that trial the United States Supreme Court had

not yet ruled directly upon the admissibility of void prior convictions used for punishment purposes only. See *Ex parte Casarez*, 508 S.W.2d 620 (Tex.Cr.App.1974); *U. S. v. Tucker*, supra; *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). Compare *Simmons v. State*, 456 S.W.2d 66 (Tex.Cr.App. 1970).

under the facts of this case. According to the record before this Court, the original probation and the subsequent revocation were the only criminal proceedings admitted into evidence before the jury during the punishment phase of the trial. However, the record reflects, and petitioner admitted during his testimony, that he was represented by counsel at the original trial which resulted in the granting of probation.

Therefore, we have the unique situation in which the original trial and order of probation are valid, and *were admissible* before the jury as part of petitioner's criminal record. See Art. 37.07, V.A.C.C.P. Even had this probation not been revoked, the evidence concerning the original trial would have been admissible. See *Moon v. State,* 509 S.W.2d 849 (Tex.Cr.App.1974); *Glenn v. State,* 442 S.W.2d 360 (Tex.Cr.App. 1969), and cases cited therein.

In determining whether the admission of improper evidence constitutes harmful error, we must look to the facts and circumstances of each case. See, e. g., *Madeley v. State,* 488 S.W.2d 416 (Tex.Cr. App.1972); *McComb v. State,* 488 S.W.2d 105 (Tex.Cr.App.1972); *Williams v. State,* 493 S.W.2d 863 (Tex.Cr.App.1973); *Clark v. State,* 496 S.W.2d 83 (Tex.Cr.App.1973). After examining the record in this case and the record on original appeal,[3] we construe the following factors to be highly material in determining the issue of harmful error in this case:

1) The petitioner received a two hundred fifty (250) year sentence from the jury;

2) The prior conviction was for a similar offense: a violation of the narcotics laws;

3) As a result of this probation revocation proceeding, the petitioner was sentenced for the only time (at least according to this record) to confinement in the state penitentiary, thus making him an ex-convict and unable to apply for probation in this case;

4) The order of revocation and formal sentence entered in the revocation proceeding contain the recitation that petitioner's probation was revoked because "ten sticks of cigarettes of marihuana was [sic] removed from his pocket and he was in a high state of intoxication due to the smoking of marihuana and drinking of alcoholic beverages," such recitation clearly indicating that petitioner was guilty of a third violation of the Texas narcotics laws;

5) During the jury argument at the punishment phase of the trial, the State stressed that petitioner had not rehabilitated himself as a result of his revocation, and specifically argued that "The guy (petitioner) has had three chances . . . he has proven to us and prosecution, the people I represent that he cannot be rehabilitated."

These factors clearly indicate a substantial probability that the admission of the revocation proceeding before the jury was harmful to the petitioner Therefore, although the error is to the penalty alone, the petitioner is entitled to an entirely new trial. See *Ex parte Olvera,* supra.

The relief is granted, and the petitioner is ordered released to the sheriff of Ector County to answer the indictment in Cause Number 5115 in the 161st District Court.

It is so ordered.

---

**3.** This Court may take judicial notice of its records "in the same, or related proceedings involving the same or nearly the same parties."

*Huffman v. State,* 479 S.W.2d 62, 68 (Tex.Cr. App.1972).