**Randy Dale MAYO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 321–82.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 15, 1982.
Discretionary Review Granted Jan. 26, 1983.

Bill Pemberton, Joe Weis, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty. and Steven Watkins, Asst. Dist. Atty., Greenville, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of kidnapping and assessed punishment by the jury at 10 years. The Court of Appeals affirmed. We granted petition for review to consider whether the Court of Appeals improperly found harmless error in the admission of evidence of a void conviction.

Appellant asserts that since the prior conviction was based upon a void information,[1] it was reversible error to allow the prior conviction in evidence before the jury at the punishment stage of the trial. The verdict reflects that the allegation of the prior conviction, as set out in the enhance-

1. The prior conviction was for forgery. The information is void for failure to allege the maker did not authorize the act. *Ex parte Bil-*

ment paragraph of the indictment, was found by the jury as "Not True." The Court of Appeals determined from the finding of the jury that it could not presume that the jury considered the void prior conviction further for any purpose even though the prosecutor's argument at the punishment stage strongly emphasized the appellant's void prior conviction.

To determine whether the admission of the void prior conviction was harmless error, the court must look to the facts and circumstances of each case. *Ex parte Flores,* 537 S.W.2d 458 (Tex.Cr.App.1976) and cases cited therein. In the present case the record reflects on several occasions that the prosecutor at the punishment stage referred to the void prior conviction by the following:

"Ladies and gentlemen of the jury, you've been presented with evidence that the defendant, Randy Mayo, has received a prior conviction of a felony offense in Hopkins County, Texas prior to the offense that you found him guilty of today. Following the prior conviction the defendant, Randy Dale Mayo, was placed on probation. He was given a chance, one chance. His probation was subsequently revoked when he violated the terms of his probation. Threw that chance away. Given one chance. Taken away.

\* \* \* \* \* \*

"Ladies and gentlemen, this defendant, Randy Mayo, has had two chances. Both chances have been taken away.

"Ladies and gentlemen, do not give the defendant, Randy Mayo, another chance, for he's had two chances, and by his own actions they've been taken away.

\* \* \* \* \* \*

"Ladies and gentlemen, it's not easy to ask for the maximum penalty, but considering the nature of this offense and the violent nature of this offense and the fact that the defendant, Randy Dale Mayo, has had two chances and that both

*ton,* 602 S.W.2d 534 (Tex.Cr.App.1980). Appellant objected to admission of the prior conviction on this ground.

chances were taken away, the State would ask you to carefully consider assessing the defendant, Randy Dale Mayo, the maximum punishment of twenty years.

\* \* \* \* \* \*

"I would ask you to keep in mind the evidence that has shown that the defendant, Randy Mayo, received one chance. It was taken away by his own actions. He received a second chance. That was taken away by his own actions, and ladies and gentlemen, do not give this defendant, Randy Mayo, a third chance."

The emphasis by the prosecutor on the void prior conviction only could have enhanced the prejudicial effect of the already permissible void prior conviction.[2] The jury assessed punishment at 10 years. This is a maximum penalty for a third degree felony. V.T.C.A., Penal Code Sec. 12.34. The punishment taken with the prosecutor's closing argument as well as the void prior conviction, even in light of a jury answer of "Not True" to the enhancement paragraph, we hold was harmful to the defendant. See *Ex parte Flores,* supra, and cases cited therein.

Accordingly, the judgments of the Court of Appeals and the District Court are reversed and the cause is remanded to the District Court.

ONION, Presiding Judge, dissenting.

Appellant was charged with kidnapping with one prior felony conviction alleged for enhancement of punishment. The jury found the appellant guilty of kidnapping, but found the allegations as to the prior felony conviction "not true." Punishment was assessed by the jury at ten (10) years' imprisonment.

On appeal the Dallas Court of Appeals affirmed. This court granted the petition for discretionary review to consider whether the Court of Appeals improperly found harmless error in the admission into evidence of a void conviction being the prior conviction alleged for enhancement of punishment.

Prior to trial appellant filed a motion to quash the enhancement portion of the indictment alleging that the prior felony conviction for forgery was void being based upon a felony information which failed to charge that the action allegedly purported to be the act of another who did not authorize such act. Such motion was overruled.

At the penalty stage of the trial the appellant again objected to the introduction of evidence of the prior conviction on the same basis, and also on the ground that the indictment alleged the prior conviction was on the basis of the indictment when in fact the conviction was obtained by virtue of a felony information. In support of this last contention, the appellant introduced the testimony of the district clerk. The State argued that the indictment could have been lost or misplaced, calling attention to several documents in the record referring to an indictment rather than an information. It did not explain why an information was in the file or the district clerk's testimony that there had been no indictment in the forgery cause. Appellant's objection was overruled.

Record evidence of the prior conviction was introduced before the jury. Appellant offered evidence there was no indictment alleging forgery but rather an information had been utilized.

The court charged the jurors on the burden of proof and instructed them that if they found the allegations in the enhance-

---

**2.** The controlling issue, as conceded by the dissent, is whether the erroneously admitted prior conviction *"might* have contributed to the penalty assessed." The significance of the jury argument set out above is that it demonstrates the extent to which the inadmissible evidence was emphasized to the jury, and as a consqeuence, the high probability that it did contribute to the punishment assessed. While the dissent says the jury argument should not have been made, we express no opinion on whether it should or should not have been made. We simply recognize the having been made, we cannot hold, as the dissent would, that the matter referred to in that argument did not contribute to the jury's decision to assess the maximum term of imprisonment.

ment paragraph of the indictment "true" they would assess the appellant's punishment "for any term of not more than twenty (20) years or less than two (2) years, and, in your discretion, a fine in any amount not to exceed $10,000.00.[1]

The court further instructed the jurors that if they found the allegations of the enhancement paragraph of the indictment to be "not true," they were to assess appellant's punishment "for a term of years not less than two (2) nor more than ten (10) years, and in your discretion, a fine in any amount not over $5,000.00."[2]

During jury argument at the penalty stage of the trial, the appellant argued that there was no evidence to show that the prior felony forgery conviction had been obtained upon the basis of an indictment as alleged, but rather upon an information. The State's position in argument was that there was enough evidence to show the forgery prosecution had been upon an indictment.

The jury returned a verdict finding the allegations as to the prior conviction "not true" and assessed punishment as a third-degree felony at 10 years' confinement in the Department of Corrections.

The mere fact that a non-capital felony conviction is obtained upon the basis of a felony information rather than an indictment, see Article 1.141, V.A.C.C.P., would not render evidence of the conviction inadmissible as a part of a defendant's prior criminal record under Article 37.07, V.A.C.C.P. Thus, the prior conviction for forgery was not inadmissible for the reason it was based upon an information.

This leaves the question of whether the forgery information was fundamentally defective because it failed to allege that the purported maker of the allegedly forged instrument did not authorize the act, which is a necessary element of the offense of forgery. *Minix v. State,* 579 S.W.2d 466 (Tex.Cr.App.1979) (Opinion on State's motion for rehearing); *Landry v. State,* 583 S.W.2d 620 (Tex.Cr.App.1979); *Ex parte Huff,* 583 S.W.2d 774 (Tex.Cr.App.1979). There can be no question that the forgery information was fundamentally defective. Further, a fundamentally defective indictment or information is subject to collateral attack. *Ex parte Banks,* 542 S.W.2d 183 (Tex.Cr.App.1976); *Ex parte Valdez,* 550 S.W.2d 88 (Tex.Cr.App.1977); *Ex parte Charles,* 582 S.W.2d 836 (Tex.Cr.App.1979).

The void conviction should not have been admitted. To determine whether the admission of this improper evidence constitutes harmful error, this court must look to the facts and circumstances of each case. *Madeley v. State,* 488 S.W.2d 416 (Tex.Cr.App.1972); *McComb v. State,* 488 S.W.2d 105 (Tex.Cr.App.1972); *Williams v. State,* 493 S.W.2d 863 (Tex.Cr.App.1973); *Clark v. State,* 496 S.W.2d 83 (Tex.Cr.App.1973); *Smith v. State,* 511 S.W.2d 296 (Tex.Cr.App.1974). The question to be answered is not whether the improper evidence contributed to the conviction but whether there is a reasonable possibility that the evidence complained of might have contributed to the penalty assessed.

The majority focuses on parts of the prosecutor's jury argument at the penalty

---

1. V.T.C.A., Penal Code, § 12.42(a), provides:

    "(a) If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony."
    V.T.C.A., Penal Code, § 12.33, provides:

    "(a) An individual adjudged guilty of a felony of the second degree shall be punished by confinement in the Texas Department of Corrections for any term of not more than 20 years or less than 2 years.
    "(b) In addition to imprisonment, an individual adjudged guilty of a felony of the sec-

ond degree may be punished by a fine not to exceed $10,000."
· Kidnapping is a felony of the third degree. V.T.C.A., Penal Code, § 20.03.

2. V.T.C.A., Penal Code, § 12.34, provides:

    "(a) An individual adjudged guilty of a felony of the third degree shall be punished by confinement in the Texas Department of Corrections for any term of not more than 10 years or less than 2 years.
    "(b) In addition to imprisonment, an individual adjudged guilty of a felony of the third degree may be punished by a fine not to exceed $5,000."

stage of the trial to which no objection was made. No mention of the facts of the kidnapping were made or assayed by the majority.

The records show that on the evening of August 31, 1979 Cynthia Sansom, age 18, took an automobile to a carwash off Terrell in Greenville. The next day was her wedding day. She was accompanied by her 18-year-old friend, Terri Neyra. While the girls were washing the car, appellant approached and asked if they had a C.B. radio. Sansom told him they did not have one. Appellant continued to stay at the carwash. Neyra became suspicious and told Sansom they had better leave. Neyra got in the car and locked the door. Before Sansom could get in and close the door, appellant pulled the door open and placed a knife at Sansom's side and told her to move over. He placed a knife against Neyra's side and told her to get in the back seat, which she did. Appellant commenced driving the car, telling the girls they were going to Sulphur Springs. Sansom informed him the car did not have enough gas for such a trip, and appellant began searching for a gas station where they would not have to get out of the car. Sansom finally convinced him to go to a Billups service station even though it was a self-service station. Appellant gave Sansom $20.00 to pay for the gas, took the car keys and told Sansom if she tried "anything funny" her friend "was going to get it." The attendant was not at the counter when Sansom went there, but a young man, apparently a friend, was standing there. She told him that a man with a knife had taken Terry and her captives, and asked him to call the police. Sansom returned to the car and waited for a car at the pumps to move. When a police car arrived at the station, both girls jumped from the car. Appellant fled in the car pursued by the police vehicle. He reached a barrier at the end of one road after the chase, and ran into a field. The police officer chased him, but was unable to apprehend him. Later another officer went to the field. While looking for the appellant, he heard someone holler and observed the appellant near his police vehicle.

He returned to his vehicle and found the appellant bleeding from a stab wound in the stomach. Appellant was taken to the hospital. In his extrajudicial confession, appellant admitted leaving the penitentiary that day and taking a bus to Greenville. He stated he had abducted the girls at knife point, and revealed that after his flight into the field that he was running with the open knife and hit a fence and stabbed himself in the stomach.

While the unobjected to jury argument as selected by the majority should not have been made, when all the facts and circumstances are considered including the finding of "not true" as to the enhancement paragraph, I cannot conclude that the error in admitting the prior conviction was a harmful effect as to the penalty assessed.

For the reasons stated, I dissent. The Court of Appeals properly disposed of the cause.

DALLY, W.C. DAVIS and McCORMICK, JJ., join in this dissent.