**Affirmed and Memorandum Opinion filed June 22, 2023**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00419-CR

---

### DARIUS ALLEN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1551047**

---

## MEMORANDUM OPINION

Appellant Darius Allen was sentenced to deferred adjudication for a period of four years for the offense of aggravated assault with a deadly weapon. The State subsequently moved to revoke appellant's community supervision. Following a hearing, the trial court found one of the allegations in the State's motion to be true, revoked appellant's community supervision, adjudicated him guilty of the offense of aggravated assault with a deadly weapon, and sentenced him to two years' imprisonment. Appellant appeals the revocation of his community supervision,

contending that (1) there was insufficient evidence that he violated the terms and conditions of his community supervision, (2) his due process rights were violated, and (3) he did not receive effective assistance of counsel. For the reasons set forth below, we affirm the judgment of the trial court.

## *Background*

On June 4, 2019, the trial court sentenced appellant to deferred adjudication for a period of four years for the offense of aggravated assault with a deadly weapon. In addition to a number of other standard conditions of community supervision, appellant was ordered to (1) report to the community supervisor officer as directed for the remainder of the supervision term unless so ordered differently by the Court, (2) pay a fine of $100 and court costs, (3) pay $50 to Crime Stoppers of Houston, (4) pay $10 per month to cover expenses of drug testing, and (5) pay a one-time fee of $100 to Harris County Community Supervision & Corrections Department.

On January 26, 2021, the State filed an amended motion to proceed on adjudication[1], alleging that appellant "failed to report [to the community supervision officer] as directed on May 4, 2020, and had not reported to his community supervision officer since." Appellant pleaded "not true" to each of the State's allegations.

At the hearing revocation hearing, the State called Officer Dominque Brown as a witness. Officer Brown was employed by the Harris County Community Supervision & Corrections Department and was assigned as appellant's community supervision officer. During the hearing, Officer Brown testified that she was initially supervising appellant in person, and appellant was scheduled to report twice a month

---

[1] The State filed its original motion to adjudicate on July 2, 2020. The original motion, however, is not part of the record.

during his supervision term.

In March 2020, the Harris County Community Supervision & Corrections Department closed its offices in response to the COVID-19 pandemic. Thereafter, Officer Brown began supervising appellant virtually while the offices were closed.

Appellant was scheduled to report virtually on May 4, 2020. On this date, appellant "contacted [her] 25 minutes after his appointment time." Officer Brown explained that "a missed appointment is if the client doesn't show up at all, no-call, no-show, or if the client shows up 15 minutes late without contacting the officer to let them know that they're going to be running late." She testified that appellant was rescheduled for May 8, 2020. Appellant, however, never accessed this scheduled meeting either.

Officer Brown testified that from the time she began supervising appellant in June 2019 through July 2020, she had to reschedule appellant eleven times, he failed to report at least eight times, and that she had attempted to contact appellant at least fifteen times.

Following the hearing, the trial court found the allegations in paragraph 3 of the State's motion to be true, adjudicated appellant guilty of the second-degree offense of aggravated assault, and sentenced him to two years' imprisonment. This appeal followed.

### *Discussion*

In three issues, appellant argues the trial court erred by finding each of the State's allegations true in its motions for revocation of community supervision and adjudication of guilt and abused its discretion by revoking his community supervision.

In a proceeding to revoke community supervision, the State must prove, by a

preponderance of the evidence, that the defendant violated a term or condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State satisfies its burden when the greater weight of the credible evidence before the trial court creates a reasonable belief that it is more probable than not that the defendant violated a condition of his community supervision as alleged in the State's motion. *Cobbs*, 851 S.W.2d at 873. In a revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *See Battle v. State*, 571 S.W.2d 20, 22 (Tex. Crim. App. 1978). If the State fails to meet its burden of proof, then revocation would be an abuse of the trial court's discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Proof by a preponderance of the evidence as to any one of the alleged violations is sufficient to support a trial court's decision to revoke community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763.

## I.     Sufficiency of the Evidence

In his first issue, appellant argues that the trial court abused its discretion and challenges the sufficiency of the evidence to support the trial court's finding that he failed to report to the community supervisor officer. We disagree.

In its Motion to Adjudicate, the State alleged that appellant failed to report to his community supervision officer and that he failed to pay supervision fees, fine and court costs, and other required fees and assessments. In support of its motion, the State called Officer Brown, who had been assigned as appellant's community supervision officer. Officer Brown testified that appellant failed to report to the community supervision office for the months of May and June. She also testified

4

that appellant was $938 in arrears for supervision fees, $312 in arrears for fines and court costs, $50 in arrears for Crime Stoppers of Houston fee, and $180 in arrears for drug testing fees, and $100 in arrears for an assessment fee. Though appellant's trial counsel cross-examined Officer Brown, appellant did not testify or offer any other evidence against the State's motion.

Here, it was well within the trial court's discretion to accept or reject any or all of Officer Brown's testimony. *Maddox v. State*, 466 S.W.2d 755, 757 (Tex. Crim. App. 1971). The evidence was clear that appellant was rescheduled eleven times while on community supervision and failed to report as required by the conditions of his community supervision at least eight times in May and June 2020. Appellant's failure to report provided a sufficient reason for the trial court to revoke his community supervision. *See Flournoy v. State*, 589 S.W.2d 705, 709–10 (Tex. Crim. App. [Panel Op.] 1979); *Greer v. State*, 999 S.W.2d 484, 489 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (no abuse of discretion to revoke for failing to report for single month). Accordingly, we overrule appellant's first issue.

## II.    Due Process Violation

In his second issue, appellant contends that his "constitutional right to the due process of law . . . was violated when the trial court adjudicated him guilty for being 25 minutes late to one probation meeting during the height of the COVID-19 pandemic. We disagree.

At a revocation of probation proceeding, a defendant need not be afforded the full range of constitutional and statutory protections available at a criminal trial. *Gagnon v. Scarpelli*, 411 U.S. 778, 789 (1973). In *Gagnon*, the Supreme Court enunciated the minimum requirements of due process which must be observed in community supervision revocation hearings: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him;

(3) opportunity to be heard in person and to present witnesses and evidence, and the right to confront and cross-examine adverse witnesses; (4) a neutral and detached hearing body; and (5) a written statement by the fact finders as to the evidence relied on and the reasons for revoking probation. *Gagnon*, 411 U.S. at 786 (1973) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). In Texas, the procedure for revoking probation affords a probationer greater safeguards than those required by *Gagnon* and *Morrissey*. *See Ruedas v. State*, 586 S.W.2d 520, 523 (Tex. Crim. App. 1979) (citing to *Whisenant v. State*, 557 S.W.2d 102 (Tex. Crim. App. 1977)). In Texas, a probationer has the right to be represented by counsel at a revocation hearing. *Ex parte Guzman*, 551 S.W.2d 387 (Tex. Crim. App. 1977); *Ex parte Flores*, 537 S.W.2d 458 (Tex. (Tex. Crim. App. 1976). At such a proceeding, guilt or innocence is not at issue, and the trial court is not concerned with determining the defendant's original criminal culpability. *Davenport v. State*, 574 S.W.2d 73, 75 (Tex. Crim. App. 1978). "The question at a revocation hearing is whether the appellant broke the contract he made with the court after the determination of his guilt." *Kelly v. State*, 483 S.W.2d 467, 469 (Tex. Crim. App. 1972).

The record from the revocation proceeding reflects that appellant was represented by counsel and had written notice of the State's allegations alleging that he failed to report to his community supervision officer and failed to pay fines, court costs, and other assessments as required by the conditions of his community supervision. The State presented evidence to support the alleged violations, and appellant had an opportunity to be heard, present witnesses and evidence, and confront and cross-examine adverse witnesses. There is nothing before us to indicate that the proceedings did not take place before a neutral and detached hearing body, nor did appellant make this argument. Though the trial court clearly articulated its rulings on the record after the hearing and found that appellant failed to report to his

6

community supervision officer, there was evidence presented for each of the other violations alleged by the State in its adjudication motion.

Under the facts of this case, appellant's due process rights were adequately protected. Accordingly, we overrule appellant's second issue.

### III. Ineffective Assistance of Counsel

In appellant's third issue, he alleges that he did not receive effective assistance of counsel because trial counsel failed to (1) raise the affirmative defense of due diligence and his tardiness (2) argue that appellant's tardiness to a scheduled probation meeting should have been excused. We disagree.

To prevail under *Strickland*, an appellant must show both that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Vasquez v. State*, 830 S.W.2d 948, 949 (Tex. Crim. App. 1992). In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Strickland*, 466 U.S. at 687. To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id.*

The Texas Code of Criminal Procedure provides an affirmative defense to revocation for failure to report to a supervision officer as directed where no supervision officer, peace officer, or other officer contacted or attempted to contact the defendant in person at the defendant's last known residence address or last known employment address. *See* Tex. Code Crim. Proc. Ann. art. 42A.109; *see also*

7

*Garcia v. State*, 387 S.W.3d 20, 22–24 (Tex. (Tex. Crim. App. 2012). The Texas Court of Criminal Appeals determined the Legislature intended this affirmative defense to apply in those instances in which the State has timely alleged violations but has not arrested the defendant before the community supervision period expired. *See Garcia*, 387 S.W.3d at 25 (interpreting Tex. Code Crim. Proc. art. 42.12, § 24, which was later repealed and re-codified at Tex. Code Crim. Proc. art. 42A.109).

Here, appellant's contention that he was entitled to the due diligence affirmative defense is misplaced. The record reflects that appellant was charged with several violations prior to the expiration of his community supervision period. Thus, appellant was not eligible to raise this affirmative defense. *See Garcia*, 387 S.W.3d at 25 ("The application of the due diligence defense is limited to "those instances in which the State has timely alleged violations but has not arrested the defendant before the community supervision period has expired."); *see also* Tex. Code Crim. Proc. Ann. art. 42A.109. Because appellant failed to meet the "deficiency" part of the *Strickland* test, we need not reach the question of whether appellant was prejudiced.

Presuming without deciding that counsel's failure to argue that "being 25 minutes late to one probation meeting" would satisfy the first prong of *Strickland*, appellant's ineffective assistance claim still fails because the second *Strickland* prong is not satisfied. Appellant has not shown a reasonable probability that, but for counsel's presumptively deficient performance, the result of the trial would have been different. *See Strickland*, 466 U.S. at 687; *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Accordingly, we overrule appellant's third issue.

### *Conclusion*

We affirm the trial court's judgments.

/s/     Frances Bourliot
          Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

Do Not Publish — TEX. R. APP. P. 47.2(b).