Billy Charles **WALTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44644.

Court of Criminal Appeals of Texas.

March 8, 1972.

George D. Street, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and James B. Scott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of robbery by assault. The trial was before the court upon a plea of not guilty. Punishment was assessed at five years.

Appellant's sole contention is that the evidence was insufficient to support the conviction.

Jack Lynn testified that while walking south on Ervay Street, in Dallas, about ten thirty, on the night of February 20, 1970, the following occurred:

"A   These men ran behind me or some men ran up behind me and grabbed me by the arm and stopped me and started to take—and told me they was going to take what I had.

"Q   All right. They came up from your backside?

"A   Yes, sir, crossed the street and from behind me.

"Q   All right. Did you turn around and look at them?

"A   No, I didn't.

"Q   Why not?

"A   They didn't seem to want me to.

"Q   They told you not to turn around?

"A   Yes, sir.

"Q   All right. And at that time you were put in fear of your life—.

"A   I was, because I didn't know what was happening."

* * * * * *

"Q   All right. Now, you say they told you not to turn around. Did they take your wallet?

"A   They took my wallet and card case out from my hip pocket.

"Q   All right. Did they take anything else from you?

"A   They took some—two or three packages of Bugler; my cigarette roller and told me to get my change out of my pocket and I reached in my right hand pocket and got my change and gave that to them.

"Q   All right. Now, these items—

"A   And they got a—I had a six pack of beer in my arm and they got that."

* * * * * *

"Q   All right. And you gave no one consent, you did not consent to the taking, did you?

"A   No.

"Q And it was against your will, the taking?

"A Yes."

Lynn further testified that a police car pulled up and two of the men ran across a parking lot and one went down Ervay Street.

Officer Walt, of the Dallas Police Department, testified that he saw a man standing on either side of Jack Lynn holding onto his arms. When the police car approached the scene, the officer stated the men holding Lynn's arms ran. The officers pursued the men in the police car and on foot, and Officer Walt identified appellant as the man he apprehended.

Appellant denied that anyone touched Lynn and further testified that he started to run when the police car approached, but stopped and was arrested by an officer other than Walt.

Appellant contends that the evidence was insufficient to show that an assault was committed by appellant or one of his companions and that no evidence was introduced to indicate that violence was used to take possession of the wallet of the complaining witness.

In Cranford v. State, Tex.Cr.App., 377 S.W.2d 957, this Court said, "It is well settled that to constitute the crime of robbery there must be violence, or intimidation of such character that the injured party is put in fear. The fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will. Easley v. State, 82 Tex.Cr.R. 238, 199 S.W. 476." See Jones v. State, Tex.Cr.App., 467 S.W. 2d 453.

Viewing the evidence in the light most favorable to the trial court's judgment, the record reflects that the victim was grabbed from behind by three persons at night, told not to turn around, had his wallet and card case removed from his hip pocket, and told to remove his change from his pocket.

While, as was stated in Cranford, supra, the fear must arise from the conduct of the accused rather than the mere temperamental timidity of the victim, we find the circumstances of this case offer probative facts which, in reason and common experience, would cause fear of such a nature to induce a person to part with his property against his will. We reject appellant's contention that the evidence is insufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.