Earl Montana **TREADWAY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46106.

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied May 16, 1973.

---

Robert B. Maloney and George R. Milner, Jr. (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; punishment was assessed at one hundred years.

The sufficiency of the evidence is challenged.

Joe B. Campbell testified that between 10 and 10:30 A.M. on June 10, 1970, the appellant came into his pawnshop and asked to see a pistol. As Campbell bent over to get a pistol in a box, appellant ordered him to "hold it." "Don't move or I'll kill you." The pistol, $210.00 and some ammunition were then taken from Campbell. The pistol that was recovered from appellant when he was arrested on June 15, 1970, was identified as that taken in the robbery.

Dale Hankins, a Dallas police officer, testified that palm prints he had "lifted" from the pawnshop matched appellant's palm prints. Hankins' expertise as a fingerprint expert was shown.

Appellant raised the defense of alibi and called Margaret Jeanette Worley as a witness. She testified that on June 10, 1970, she saw the appellant at his home in Fort Worth between 9 A.M. and 10 A.M. and saw him again at approximately 2:30 P.M. on that date. She testified that appellant's wife was sick and the appellant was there caring for her.

Appellant testified in his own behalf and stated that he was with his ailing wife at their apartment in Fort Worth on the day in question. He further testified that he had never been in the Golden Rule Pawn Shop. He stated that he bought the pistol from someone in Fort Worth for protection.

The jury was charged on the defense of alibi.

Appellant contends that the evidence is insufficient since there was no evidence that the complaining witness was "in fear of his life" at the time of the robbery.

On direct examination the complaining witness testified as follows:

"A. I bent over to pick up the box with the gun in it and he come up behind me and hollered, 'Hold it.' As I lifted up he said, 'Don't move or I'll kill you.' I reached to get the box out of the safe and the man said, 'Go get me all your money.' I went to the register and emptied the register. He said, 'Hurry up or I'll kill you.' He said, 'Give me a box of shells for this gun.'

Q. At that point were you afraid for your life?

A. Naturally.

Q. All right, sir. What happened after you emptied the cash register?

A. He wanted a box of shells for the gun.

Q. And did you give it to him?

A. I got the box of shells for the gun and he said, 'Get down behind the showcase.'

Q. Were you frightened at that time?

A. Yes, sir. . . ."

▌ When viewed in the light most favorable to the jury's verdict, the record reflects that Campbell parted with his property, against his will, as the result of the fear created by appellant's intimidating threats of murder. The jury's verdict is sufficiently supported by the evidence. Walton v. State, Tex.Cr.App., 477 S.W.2d 294.

■ Finally, appellant complains of improper impeachment of him and defense witness Worley.

The record reflects that no objections were made to any of the questions propounded to appellant. The only objection to the cross-examination of witness Worley was addressed to the question whether or not she knew the appellant on September 21, 1964, the date of his alleged prior conviction. The court sustained the objection to this question, and no further relief was requested. Hence, no error has been shown.

There being no reversible error the judgment is affirmed.