Larry Ray MOON, Appellant,

v.

The STATE of Texas, Appellee.

No. 48318.

Court of Criminal Appeals of Texas.

June 5, 1974.

Sol Ballas, Dallas, for appellant.

Henry Wade, Dist. Atty. and James D. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This appeal is from a conviction for the offense of driving a motor vehicle upon a public road while intoxicated. The punishment was assessed by the jury at six months in jail and a fine of $150.00.

The record before this Court establishes that appellant, prior to the trial of the case at bar, had been convicted of the misdemeanor offense of driving a motor vehicle upon a public road while intoxicated. As a result of that conviction, he received probation as provided by Article 42.13, Vernon's Ann.C.C.P. Prior to the trial of the present case, appellant had been discharged from that probation and the court had set aside the finding of guilt and dismissed the accusation pursuant to Section 7(a) of Article 42.13. The appellant did not apply for probation in the present case.

Johnny R. Flowers testified that he was driving near Fair Park in Dallas at approximately 6:00 o'clock and appellant, who was driving a 1955 Chevrolet, attempted to pass several times but the traffic was too heavy. When Flowers stopped for a red light at an intersection, appellant was unable to stop and drove into the back of Flowers' car.

An officer on duty at Fair Park heard the collision and went to investigate. Other officers arrived. Flowers and the officers testified that appellant was intoxicated and cursed the officers.

The appellant testified that he was in the back seat and his brother Alvin was driving at the time. His wife and Alvin testified to the same thing. Appellant admitted that he had drunk six or seven beers.

Appellant's sole contention is that the court erred in admitting proof of a prior misdemeanor conviction for driving while intoxicated where he was given probation, because he had been discharged from probation. He argues that the proof of his prior misdemeanor probation was not admissible because Article 42.13 provides, in part:

"Section 7(a). When the period and terms of a probation have been satisfactorily completed, the court shall, upon its own motion, discharge him from probation and enter an order . . . setting aside the finding of guilty and dismissing . . . the information . . . against the probationer.

"(b). After the case against the probationer is dismissed by the court, his finding of guilty may not be considered *for any purpose* except to determine his entitlement to a future probation under this Act, or any other probation Act."

The State contends the controlling statute to be Article 37.07, V.A.C.C.P., which provides in substance:

"Section 3(a). Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered . . . as to the prior criminal record of the defendant.

. . . The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

In Glenn v. State, Tex.Cr.App., 442 S. W.2d 360, this Court wrote:

"We interpret such statute to mean that any probated or suspended sentence which has occurred prior to trial and whether successfully completed or not may be known to the judge or the jury

assessing punishment. See also Article 42.12, Sec. 7, V.A.C.C.P."

See Dean v. State, Tex.Cr.App., 481 S.W. 2d 903; Taylor v. State, Tex.Cr.App., 470 S.W.2d 663; Macias v. State, Tex.Cr.App., 451 S.W.2d 489, and McKenzie v. State, Tex.Cr.App., 450 S.W.2d 341.

Appellant contends that these cases are distinguishable from the case at bar because in each defendant was tried for a felony offense after having received a felony probation. Article 42.12, supra, provides in substance:

" . . . except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense."

"Section 7. . . . Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, . . . shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty . . ., and the court has discharged the defendant hereunder, such court may set aside the verdict . . . and shall dismiss . . . the indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense."

The trial court in admitting the evidence of which complaint is made relied on Valley v. State, Tex.Cr.App., 448 S.W.2d 474. In Valley, this Court permitted the State to prove at the penalty phase after a conviction for robbery by assault, that defendant had been convicted of unlawfully carrying a pistol, had received probation, had complied with its terms, and the conviction had been set aside. Such proof was permitted under Article 37.07.

Article 37.07 permits the introduction of evidence of appellant's prior misdemeanor probation. Article 42.13, in part, prohibits the consideration of such evidence "except to determine his entitlement to a future probation."

The Legislature amended the provisions of Article 37.07 to provide a definition of the term "prior criminal record" after the enactment of Article 42.13. Article 37.07 relates to the admissibility of a prior criminal record, both felony and misdemeanor.

Article 37.07, supra, is the last enactment upon the subject. We hold that it controls. The fact that the terms of probation in a misdemeanor case have expired and the probation has been set aside does not prohibit the prior conviction being made known to the jury at the penalty stage of the trial in a misdemeanor case.

No error has been shown. The judgment is affirmed.