**Ricky Edward DRAKE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–81–094–CR.**

Court of Appeals of Texas, Eastland.

April 15, 1982.

Discretionary Review Refused Sept. 15, 1982.

J. Stephen Cooper, Dallas, for appellant.

William D. Sheetz, Asst. Dist. Atty., Dallas, for appellee.

---

RALEIGH BROWN, Justice.

This is an appeal from a conviction by a jury of the offense of aggravated robbery. Punishment was assessed at confinement in the Texas Department of Corrections for life and a $10,000 fine. We affirm.

■ The indictment alleged in pertinent part that while in the course of committing theft from the complainant, Emory Austin, appellant did "knowingly and intentionally threaten and place the said complainant in fear of imminent bodily injury." Appellant's first ground of error challenges the sufficiency of the evidence to prove that he threatened or placed the complainant in fear of imminent bodily injury.

Emory Austin was the manager of a Safeway store. While discharging his managerial duties, he was approached by appellant who asked where the film rack was. After Austin gave directions, he went about his regular duties and observed appellant leave the store. About thirty minutes later, Austin again observed appellant. At such time, complainant was in the glass enclosed office area of the store next to an express check-out lane, when Ester Martinez, a store employee, called saying: "This man wants to see you." Austin came down from the office area and observed appellant holding Martinez with a gun in her ribs. Appellant yelled: "Get up there and get me the money, or I am going to blow her apart."

Austin testified:

Q And did he use or exhibit a deadly weapon out there at your store in this case, a handgun?

A Yes.

Q And did he threaten you or place you in fear of imminent bodily injury?

A He told me he would kill me.

Q Were you scared that you might be killed, you and Ester might be killed if you didn't do what he said?

A Yes, sure was.

Viewing the evidence in the light most favorable to the jury's verdict, the record reflects the evidence was sufficient to prove appellant threatened, and placed the complainant in fear of, imminent bodily injury.

*Treadway v. State*, 493 S.W.2d 807 (Tex.Cr. App.1973); *Walton v. State*, 477 S.W.2d 294 (Tex.Cr.App.1972).

In his only other ground of error, appellant contends that the court's charge was fundamentally defective for failing to apply the law to the facts when charging as to the lesser included offense of robbery.

■ There was no objection to the court's charge, therefore, all but fundamental error regarding the charge was waived. *Duffy v. State*, 567 S.W.2d 197 (Tex.Cr.App.1978); *Elkins v. State*, 543 S.W.2d 648 (Tex.Cr. App.1976).

Following the portion of the charge applying the facts to the law of aggravated robbery, the court charged:

If you find from the evidence that the defendant committed the offense of robbery, as herein defined, but you have a reasonable doubt as to whether he used or exhibited a deadly weapon in committing said robbery, then you will find the defendant guilty only of robbery, and not of aggravated robbery.

If you should find from the evidence beyond a reasonable doubt that the defendant is either guilty of aggravated robbery or of robbery, but you have a reasonable doubt as to which of said offenses the defendant is guilty, then you should resolve that doubt in favor of the defendant, and in such event, find him guilty of robbery.

If you have a reasonable doubt as to whether the defendant is guilty of either offense, that is, aggravated robbery or robbery, then you will acquit the defendant and say by your verdict "not guilty."

The court in *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979) discussed at length the number of cases it had reversed for fundamental error in the court's charge. It pointed out reversal was ordered: (1) if that portion of the charge which applies the law to the facts authorized conviction on a theory not alleged in the indictment; (2) if there was an omission from the charge of an allegation in the indictment which is required to be proved; (3) when the charge

**18**

substitutes a theory of the offense completely different from the theory alleged in the indictment; (4) when the charge authorized conviction on the theory alleged in the indictment and one or more theories not alleged in the indictment; and (5) when the charge authorized conviction for conduct which is not an offense, as well as for conduct which is an offense. Appellant's complaint is not of any such error. He contends that the charge failed to apply the law to the facts of the case and, therefore, fundamental error exists. *Williams v. State*, 547 S.W.2d 18 (Tex.Cr.App.1977); *Perez v. State*, 537 S.W.2d 455 (Tex.Cr.App. 1976).

■ Fundamental error is an error calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial. *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977); *Ross v. State*, 487 S.W.2d 744 (Tex.Cr.App.1972).

The charge in the case at bar correctly applied the law to the facts of the case as to the offense charged. There is no complaint as to this portion of the charge. Appellant was convicted of the offense charged, and there was no necessity for the jury to reach or consider the lesser included offense.

Tex.Code Crim.Pro. art. 36.19 (1979) provides:

> Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.-16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial.

■ We hold from this record that the error of which appellant now complains has not injured any of his rights and that he has had a fair and impartial trial. There being no fundamental error, appellant has waived the complaint by failing to make timely objections to the charge.

The judgment is affirmed.