**Herman VAUGHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62591.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 16, 1982.

---

J. Thomas Sullivan, Dallas, for appellant.

Henry Wade, Dist. Atty., Bruce Evan Foster, C. Wayne Huff and Stewart C. Robinson, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated robbery; the punishment is imprisonment for six years.

The appellant asserts that the evidence is insufficient to support a conviction for either aggravated robbery or the lesser included offense of robbery. Also that the trial court committed error in its charge, in overruling appellant's challenge of a juror for cause, in refusing to allow inspection of a statement which a witness used to refresh his memory before he testified, and in admitting proof of a prior conviction at the punishment stage of the trial. All of the grounds of error are without merit; the judgment will be affirmed.

It was alleged that the appellant did "by using and exhibiting a deadly weapon, to-wit: a knife, intentionally and knowingly threaten and place the said complainant in fear of imminent bodily injury."

The appellant insists the evidence is insufficient to show that the appellant ever either threatened the complaining witness or placed him in fear of imminent bodily injury. Although the sixty-seven year old complainant, Stanford Phifer, testified, "No, sir," when asked if the appellant placed him in fear of imminent bodily injury, he also testified that: "He [appellant] had his knife." "He was holding it like this [indicating]." "He told me to give him my money." "I guess he was going to cut me." In addition the evidence shows that the complainant felt threatened with bodily injury by the appellant's actions holding the

knife, that the appellant made him a little afraid that he might use the knife, that appellant displayed the knife in front of him and he thought appellant meant business. On cross-examination the complainant testified he imagined the appellant would hurt him with the knife if he didn't give him the money.

We conclude the evidence is sufficient to sustain the jury finding that the allegations were proved beyond a reasonable doubt.

The appellant also urges that the evidence is insufficient because the State failed to prove the knife was a deadly weapon. Police officer Richard Potter arrested the appellant near where he had assaulted the complainant soon after the assault. The officer searched the appellant and found an open pocket knife in his pocket. The knife had to be released from the back before it could be closed. The officer knew of cases where knives had been used and he had seen persons who had been seriously injured by knives. The court, over objections, found the witness qualified to express his opinion on whether the knife was a deadly weapon. The officer testified that he was of the opinion the knife was capable of being used as a deadly weapon or to cause serious bodily injury. This is sufficient with the testimony of the complainant to prove the knife was a deadly weapon. *Hawkins v. State*, 605 S.W.2d 586 (Tex.Cr. App.1980); cf. *Davidson v. State*, 602 S.W.2d 272 (Tex.Cr.App.1980) and *Campbell v. State*, 577 S.W.2d 493 (Tex.Cr.App.1979).

█ The appellant urges that the charge was fundamentally defective since the indictment alleges the appellant did "threaten and place" the complainant in fear of imminent bodily injury while the charge only required that the jury find the appellant did "threaten or place" the complainant in fear of imminent bodily injury. The offense may be committed by either threatening or by actually placing the complainant in fear of bodily injury. V.T.C.A. Penal Code, Section 29.02(a)(2). When an offense may be committed in two ways the State may allege both ways in the conjunctive. *Sidney v. State*, 560 S.W.2d 679 (Tex.

Cr.App.1978). It was proper to allege "threaten and place." Proof of either would sustain the conviction so it was proper to instruct the jury "threaten or place." There was no objection to the charge that evidence would not support either threaten or place. The offense was properly alleged and the court's charge was entirely correct. Cf. *Cumbie v. State*, 578 S.W.2d 732 (Tex. Cr.App.1979); *Lee v. State*, 577 S.W.2d 736 (Tex.Cr.App.1979).

█ The appellant says that the trial court erroneously overruled his challenge for cause of a venireman and refused to grant him an extra challenge. The voir dire of the jury was not reported and a formal bill of exception was not filed. It is doubtful that the alleged error was properly preserved by calling the court reporter in and attempting to reconstruct the voir dire of this venireman. Moreover, the appellant's trial counsel did not state the reason for his challenge. He merely said: "Your Honor, at this time the defendant would challenge Mr. James for cause." In any event the appellant claims the venireman was objectionable because he would have considered the indictment as evidence of appellant's guilt. The venireman testified under interrogation of the court:

"Let me ask you on the record so I understand completely. In the charge of aggravated robbery you will presume that this defendant is innocent at this time until evidence proves his guilt, is that correct?

"THE JUROR: Yes, sir.

"THE COURT: And you will not consider the indictment as any evidence of guilt whatsoever?

"THE JUROR: Yes."

It is apparent that this contention is without merit and it is overruled.

█ The appellant complains that he was not allowed to use an offense report to cross-examine a police officer when the officer testified he had refreshed his memory with the offense report prior to trial. It was shown that the witness did not make the report. The court did not err in re-

fusing to allow defense counsel to have the offense report to cross-examine the witness when the witness did not make the report. *Artell v. State,* 372 S.W.2d 944 (Tex.Cr.App. 1963); *Mendoza v. State,* 552 S.W.2d 444 (Tex.Cr.App.1977); *Kemner v. State,* 589 S.W.2d 403 (Tex.Cr.App.1979).

In his final ground of error the appellant urges that a prior conviction was erroneously admitted over his objections that the judgment and conviction had been set aside. The appellant had received probation and the conviction had been set aside. The prior conviction was admissible. Article 37.07, Section 3, V.A.C.C.P. and Article 42.12, Section 7, V.A.C.C.P. *Glenn v. State,* 442 S.W.2d 360 (Tex.Cr.App.1969); *Moon v. State,* 509 S.W.2d 849 (Tex.Cr.App. 1974); *Mays v. Estelle,* 505 F.2d 116 (5th Cir. 1974).

The judgment is affirmed.