James **PULLAM**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–84–468–CR.

Court of Appeals of Texas, Corpus Christi.

April 24, 1986.

Donald Dailey, Corpus Christi, for appellant.

Grant Jones, Dist. Atty's. Office, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a conviction by a jury for the offense of aggravated robbery. Punishment was assessed at confinement in the Texas Department of Corrections for twenty years and an $800.00 fine. We affirm.

The indictment alleged in pertinent part that, while in the course of committing theft, appellant did "intentionally and knowingly threaten Pete Juarez with and place Pete Juarez in fear of imminent bodily injury and death." Appellant's first ground of error challenges the sufficiency of the evidence to prove that the victim, Pete Juarez, was placed in fear of imminent bodily injury.

On February 4, 1984, appellant entered a Furr's Cafeteria after closing time, gun in hand, grabbed assistant manager Pete Juarez around the neck and ordered Juarez and four other employees to take him to the cashier. When Juarez told appellant he

did not know the combination to the safe, appellant replied, "Don't give me that bull, or I will blow your brains." Appellant then cocked the gun which was pointed at Juarez' head. After failing in his attempt to open the safe, appellant informed the employees, "Well, if we don't get this safe open, you are going to be in big trouble." Juarez testified that appellant was serious and that they were all "real scared."

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

■ Viewing the evidence in the light most favorable to the jury's verdict, the record reflects that the evidence was sufficient to prove appellant threatened, and placed Pete Juarez in fear of, imminent bodily injury. *Vaughn v. State,* 634 S.W.2d 310 (Tex.Crim.App.1982); *Drake v. State,* 634 S.W.2d 16 (Tex.App.—Eastland 1982, pet. ref'd); *Garcia v. State,* 625 S.W.2d 831 (Tex.App.—Houston [14th Dist.] 1981, pet. ref'd). Appellant's first ground of error is overruled.

Appellant's second and third grounds of error allege that the verdict on the issue of insanity is against the great weight and preponderance of the evidence and is not supported by any evidence, respectively.

■ When the affirmative defense of insanity is raised by a defendant, the defendant has the burden of proving his defense by a preponderance of the evidence. TEX. PENAL CODE ANN. § 2.04(d) (Vernon 1974).

■ When the sufficiency of the evidence to support an affirmative defense is challenged, the appellate court must review the evidence on the affirmative defense in the light most favorable to the implicit finding by the jury with respect to the affirmative defense and determine if any rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence. *Scheussler v. State,* No. 289–83 (Tex.Crim. App., February 5, 1986) (not yet reported); *Van Guilder v. State,* 709 S.W.2d 178 (Tex. Crim.App.1985); *McBride v. State,* No. 84–363 (Tex.App.—Corpus Christi, Feb. 27, 1986, pet. filed) (not yet reported).

■ To establish the defense of insanity, the defendant must prove that, at the time of the offense charged, the defendant, as a result of severe mental disease or defect, did not know that his conduct was wrong. TEX.PENAL CODE ANN. § 8.01(a) (Vernon Supp.1986).

The only evidence submitted by the defendant at trial related to his alleged insanity during the commission of the offense. Prior to this trial, the appellant was found to be incompetent to stand trial and was treated at Rusk State Hospital, until he was found to be competent to be tried. Evidence of the prior hearing and his commitment at Rusk was not given to the jury, although the trial judge took judicial notice of those prior proceedings. Two witnesses were called by the defense: Mrs. Arlena Pullam, mother of the defendant, and Dr. Joel Kutnick, a practicing psychiatrist.

Mrs. Pullam testified that the defendant had graduated from high school, had worked as an automobile salesman and was a master plumber. He had been mentally ill for some time and was taking the prescription drug lithium to combat his depression. The psychiatrist called by the appellant, Dr. Joel Kutnick, testified that the appellant suffered from Bipolar Disorder, a mental illness that is manifested by cycles of manic and depressive states. This evidence was not rebutted or impeached in any way.

While it is undisputed that appellant has Bipolar Disorder, there was no positive evidence that appellant did not know his conduct at the time of the offense was wrong. Dr. Kutnick, testified that appellant said he committed the robbery in order to get help for his mental problems. Dr. Kutnick said

he had doubts about whether appellant was telling him the truth because such behavior does not fit that of someone suffering from Bipolar Disorder. He felt such actions were just not characteristic of the disorder.

Dr. Kutnick surmised that appellant, an intelligent and articulate individual, may have decided to use his mental disorder as an excuse for his crime in order to avoid punishment. On the other hand, if appellant was telling the truth about his motivation, then, according to Dr. Kutnick, he did not realize that what he was doing was wrong. Dr. Kutnick concluded that "it boils down to motivation." Although he did not question the eyewitnesses, Dr. Kutnick did read the official statements they gave the police, and he felt that appellant was robbing the Furr's Cafeteria to obtain the money in the safe. Dr. Kutnick finally determined that he could not answer the question as to whether appellant knew his actions were wrong. He went on to say that it is "conceivable a person can be mentally ill, but also be a criminal at the same time, and one has nothing to do with the other."

■ Although evidence of the existence of the manic-depressive state was introduced through appellant's mother and the affidavits of two other psychiatrists, no further evidence was introduced regarding appellant's ability to tell right from wrong at the time of the offense. Viewing the evidence in the light most favorable to the jury's implicit finding as to the insanity defense, we find that a rational trier of fact could have found that appellant failed to prove his defense by a preponderance of the evidence. Appellant's second and third grounds of error are overruled.

The judgment of the trial court is AFFIRMED.