COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-141-CR
 
KERRY J. RENFRO                                                                 APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY 
 
------------
MEMORANDUM OPINION



------------
        Appellant Kerry J. Renfro was convicted of robbery by threats. In his sole 
point on appeal, he challenges the legal and factual sufficiency of the evidence 
to sustain his conviction. We affirm. 
        Andrew Dotson was pumping gas when appellant approached him and 
said, “[G]ive me your fucking wallet.” Dotson initially hesitated and froze, but 
appellant warned him that “there aren’t any cameras here so don’t make me 
pull out my gun.” Appellant then reached toward his lower back near his waist 
as if he were going to pull out a gun. Dotson thought appellant had something 
resembling a weapon, but he never saw one. Fearful, Dotson gave appellant 
his wallet, and appellant got back in his car and left the scene. 
        After appellant was out of sight, Dotson began driving to his brother’s 
house and immediately called 911. An officer met Dotson at his brother’s 
house, and Dotson gave a description of appellant and his car. Dotson 
described appellant as a black male with a large Afro, wearing a blue and purple 
jersey. Dotson also described appellant as five feet, ten inches tall and 
weighing about 165 to 170 pounds. 
        Later that day, another officer saw a car within six blocks of the robbery 
scene that matched the description given by Dotson. The officer initiated a 
traffic stop, and appellant was alone in the car. Dotson later picked appellant 
from a photo spread and identified him in open court. 
        In his sole point, appellant contends that the evidence was legally and 
factually insufficient to support the verdict because the evidence does not show 
that appellant was the individual who took Dotson’s wallet and that the facts 
and circumstances surrounding the taking of the wallet constituted a “threat.” 
The standards of review for legal and factual sufficiency are well established. 
See Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Johnson v. 
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
        Based on the fact that Dotson identified appellant at trial as the 
perpetrator and identified him in a photo spread, there was legally sufficient 
evidence to support the jury’s conclusion that appellant was the perpetrator. 
See Perry v. State, 703 S.W.2d 668, 673-74 (Tex. Crim. App. 1986). 
Appellant claims that there were discrepancies between Dotson’s description 
of appellant’s attire and weight and appellant’s actual attire and weight as to 
make it unreasonable for a fact finder to conclude that he committed the 
robbery. Appellant was in fact wearing a “light-colored jersey with purple and 
white numbers and blue highlights” and with a large number “05” on the front 
and back. Appellant actually weighs 130 pounds. Dotson testified that he did 
not recall any numbers on the jersey. We do not consider these minor 
discrepancies in the description of appellant’s attire and weight to be 
detrimental to the jury’s verdict. Moreover, the jury as the sole fact finder was 
left with the burden to weigh the evidence. Thus, it could place more weight 
on Dotson’s in-court identification and identification at the photo spread than 
on the minor discrepancies between Dotson’s description of appellant to the 
police and the actual attire and weight of appellant at his arrest. We conclude 
the evidence was factually sufficient to show appellant was the perpetrator. 
        Appellant also contends that the jury could not conclude that appellant 
threatened Dotson. Robbery can be committed by either threatening or actually 
placing the victim in fear of bodily injury or death. Tex. Penal Code Ann. § 
29.02(a)(2) (Vernon 2003); Vaughn v. State, 634 S.W.2d 310, 312 (Tex. Crim. 
App. [Panel Op.] 1982). Based on the words and conduct of appellant, we hold 
that the jury could have reasonably concluded that appellant’s actions were 
sufficient to place a reasonable person in Dotson’s circumstances in fear of 
imminent bodily injury or death. See Welch v. State, 880 S.W.2d 225, 226 
(Tex. App.—Austin 1994, no pet.). Thus, the evidence was legally and 
factually sufficient to support the verdict. We overrule appellant’s sole point. 
        We affirm the trial court’s judgment. 
 
                                                          PER CURIAM 
PANEL F:   SAM J. DAY, J. (Retired, Sitting by Assignment); HOLMAN and 
GARDNER, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 18, 2003