renfro v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-141-CR

KERRY J. RENFRO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Kerry J. Renfro was convicted of robbery by threats.  In his sole point on appeal, he challenges the legal and factual sufficiency of the evidence to sustain his conviction.  We affirm.  

Andrew Dotson was pumping gas when appellant approached him and said, “[G]ive me your fucking wallet.”  Dotson initially hesitated and froze, but appellant warned him that “there aren’t any cameras here so don’t make me pull out my gun.”  Appellant then reached toward his lower back near his waist as if he were going to pull out a gun.  Dotson thought appellant had something resembling a weapon, but he never saw one.  Fearful, Dotson gave appellant his wallet, and appellant got back in his car and left the scene.

After appellant was out of sight, Dotson began driving to his brother’s house and immediately called 911.  An officer met Dotson at his brother’s house, and Dotson gave a description of appellant and his car.  Dotson described appellant as a black male with a large Afro, wearing a blue and purple jersey.  Dotson also described appellant as five feet, ten inches tall and weighing about 165 to 170 pounds.

Later that day, another officer saw a car within six blocks of the robbery scene that matched the description given by Dotson.  The officer initiated a traffic stop, and appellant was alone in the car.  Dotson later picked appellant from a photo spread and identified him in open court.

In his sole point, appellant contends that the evidence was legally and factually insufficient to support the verdict because the evidence does not show that appellant was the individual who took Dotson’s wallet and that the facts and circumstances surrounding the taking of the wallet constituted a “threat.”  The standards of review for legal and factual sufficiency are well established.  
See Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001);
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

Based on the fact that Dotson identified appellant at trial as the perpetrator and identified him in a photo spread, there was legally sufficient evidence to support the jury’s conclusion that appellant was the perpetrator.  
See Perry v. State
, 703 S.W.2d 668, 673-74 (Tex. Crim. App. 1986).  Appellant claims that there were discrepancies between Dotson’s description of appellant’s attire and weight and appellant’s actual attire and weight as to make it unreasonable for a fact finder to conclude that he committed the robbery.  Appellant was in fact wearing a “light-colored jersey with purple and white numbers and blue highlights” and with a large number “05” on the front and back.  Appellant actually weighs 130 pounds.  Dotson testified that he did not recall any numbers on the jersey.  We do not consider these minor discrepancies in the description of appellant’s attire and weight to be detrimental to the jury’s verdict.  Moreover, the jury as the sole fact finder was left with the burden to weigh the evidence.  Thus, it could place more weight on Dotson’s in-court identification and identification at the photo spread than on the minor discrepancies between Dotson’s description of appellant to the police and the actual attire and weight of appellant at his arrest.  We conclude the evidence was factually sufficient to show appellant was the perpetrator.

Appellant also contends that the jury could not conclude that appellant threatened Dotson.  Robbery can be committed by either threatening or actually placing the victim in fear of bodily injury or death.  
Tex. Penal Code Ann. 
§ 29.02(a)(2) (Vernon 2003); 
Vaughn v. State
, 634 S.W.2d 310, 312 (Tex. Crim. App. [Panel Op.] 1982).  Based on the words and conduct of appellant, we hold that the jury could have reasonably concluded that appellant’s actions were sufficient to place a reasonable person in Dotson’s circumstances in fear of imminent bodily injury or death.  
See Welch v. State
, 880 S.W.2d 225, 226 (Tex. App.—Austin 1994, no pet.).  Thus, the evidence was legally and factually sufficient to support the verdict.  We overrule appellant’s sole point.

We affirm the trial court’s judgment.

PER CURIAM

PANEL F: SAM J. DAY, J. (Retired, Sitting by Assignment); HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  December 18, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.