# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2011

No. 09-20581

Lyle W. Cayce
Clerk

LEXTER K KOSSIE,

Petitioner – Appellant

v.

RICK THALER, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent – Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-cv-00270

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lexter K. Kossie, Texas prisoner # 700661, was convicted in state court of aggravated robbery and sentenced to life in prison. At trial, Kossie's request to instruct the jury on the lesser-included offense of theft was denied. Kossie's appellate counsel failed to challenge this denial on direct appeal. Kossie filed state and federal habeas petitions with several claims, which were denied. We granted a certificate of appealability on the issue of whether Kossie's appellate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20581

counsel was ineffective for failing to appeal the lesser-included offense instruction. We find that Kossie was entitled to have theft included in the jury charge, but because Kossie cannot show that the state court's failure to find prejudice was unreasonable, we AFFIRM the denial of habeas relief.

I.

In November 1994, a jury convicted Kossie of robbing a Burger King restaurant at gun point. At trial, the cashier on duty testified that Kossie entered the restaurant around 10 p.m. and asked for the price of a fish sandwich. Kossie ordered the sandwich and placed a handful of change on the counter. Discovering he did not have enough money, Kossie told the cashier to open the register. At first, the cashier thought Kossie was joking, but then he allegedly opened his jacket to reveal the handle of a handgun sticking out of his pants. The cashier testified that when she saw the gun, she held up her hands and backed away. Kossie reached over the counter, grabbed about $175 out of the register, and left.

At the time of the robbery, another Burger King employee was on break eating in the restaurant. She saw Kossie enter the restaurant and was the only witness to identify Kossie in a photo spread. This co-worker testified that she did not see Kossie display a weapon because his back was to her during the robbery, but she claimed the cashier looked afraid. At trial, the co-worker repeatedly asserted that Kossie was in the restaurant for about ten minutes, talking with the cashier for several minutes before reaching into the register. However, the co-worker's earlier statement to the police suggested the robbery took place about a minute after Kossie arrived.[1]

---

[1] The state record includes testimony from a court clerk who saw a man from the courtroom speaking to the co-worker after she gave her testimony. The man told the co-worker she should have testified that Kossie was only in the restaurant one minute before the robbery, not ten minutes. It is not clear who the man was, and the co-worker was not recalled. Kossie's trial counsel moved for a mistrial, which was denied.

No. 09-20581

Kossie testified in his own defense. He stated that he had met the cashier in a local park about two months before the robbery. They were friends and he often saw her at the Burger King. Kossie testified that on the night of the robbery he talked to the cashier and asked her for money but never threatened her. He testified that he did not have a gun with him nor did police recover a weapon when they arrested him later that night. Kossie claimed the cashier willingly opened the register drawer for him and was a party to any theft that took place. Further, before the trial, Kossie had mailed a letter to the cashier's home address, in which Kossie urged the cashier to tell the truth and admit that she was a party to the crime.[2] The State offered a copy of this letter as evidence at trial.[3]

Kossie's defense was that he participated in a joint theft with the cashier but did not commit aggravated robbery. At closing arguments, defense counsel acknowledged, "this is simple theft. This is a misdemeanor theft." Kossie himself admitted on the witness stand that he had taken money from the register. He denied having a weapon and denied intimidating the cashier. The jury was instructed on both aggravated robbery and the lesser-included offense of robbery, but not theft. Kossie was convicted of aggravated robbery and sentenced to life. Kossie appealed his conviction, but appellate counsel did not challenge the trial court's refusal to instruct the jury on theft. The state appellate court affirmed the conviction.

Kossie filed numerous state habeas applications, including a claim of ineffective assistance of appellate counsel, which was eventually denied on the

---

[2] The State asserted that Kossie obtained the cashier's home address from an earlier hearing in which the cashier had stated her address on the record. The cashier denied knowing Kossie.

[3] At Kossie's request, the defense did not object to the admission of the letter. Trial counsel conducted voir dire of Kossie on the record and demonstrated that counsel had informed Kossie they had grounds to exclude the letter.

No. 09-20581

merits without explanation by the Texas Court of Criminal Appeals.[4]   The district court rejected Kossie's 28 U.S.C. § 2254 habeas corpus petition, finding his ineffective assistance claim meritless and other claims meritless or time barred.  This court granted a COA on the issue of whether Kossie's appellate counsel rendered ineffective assistance by failing to appeal the trial court's refusal to instruct the jury on theft.

## II.

"In a habeas appeal, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo, applying the same standards to the state court's decision as did the district court."[5]   Kossie's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  We may only grant relief if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts" in light of the state court record.[6]

A state court's decision is "contrary to" clearly established federal law "if it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts."[7]  "A decision is an 'unreasonable application' of clearly established federal law if a state court 'identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies

---

[4] *Ex parte Kossie*, WR-10,978-14, 2008 WL 366681 (Tex. Crim. App. Feb. 6, 2008).

[5] *Harrison v. Quarterman*, 496 F.3d 419, 423 (5th Cir. 2007).

[6] 28 U.S.C. § 2254(d).

[7] *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

No. 09-20581

that principle to the facts of [a] prisoner's case.'"[8] In other words, a federal habeas court has "no authority to grant habeas corpus relief simply because [it] conclude[s], in [its] independent judgment, that a state supreme court's application of [clearly established federal law] is erroneous or incorrect."[9] Rather, a federal habaes court may only grant relief if the state's application of federal law was unreasonable.[10]

## III.

The principles of ineffective assistance of counsel were clearly established by *Strickland v. Washington*[11] at the time the Texas Court of Criminal Appeals denied Kossie's habeas claim in 2008. Further, it was established that a criminal defendant is entitled to constitutionally effective assistance of counsel on a direct appeal that is taken as of right.[12] To demonstrate ineffective assistance of appellate counsel, Kossie must satisfy the requirements of *Strickland*,[13] by showing that appellate counsel's performance fell below an objective standard of reasonable competence and that Kossie was prejudiced by counsel's deficient performance.[14] A failure to establish either deficient performance or prejudice defeats the claim.

---

[8] *McAfee v. Thaler*, 630 F.3d 383, 393 (5th Cir. 2011) (alterations in original) (quoting *Williams*, 529 U.S. at 413).

[9] *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002).

[10] *Williams*, 529 U.S. at 411.

[11] 466 U.S. 668 (1984).

[12] *Evitts v. Lucey*, 469 U.S. 387, 393–94 (1985).

[13] 466 U.S. at 689–94.

[14] *See Smith v. Robbins*, 528 U.S. 259, 288–89 (2000).

No. 09-20581

A.

In reviewing counsel's performance, we must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[15]   Acting under AEDPA, our review is "doubly deferential" because we "take a highly deferential look at counsel's performance through the deferential lens of" AEDPA, requiring Kossie to demonstrate that the state court's denial of habeas was necessarily unreasonable.[16]   An appellate attorney need not, and should not, raise every nonfrivolous claim, but rather should "winnow out weaker arguments" to maximize the likelihood of success on appeal.[17]   Although this reality makes it "difficult to demonstrate that counsel was incompetent," a prisoner may still assert a *Strickland* claim based on counsel's failure to raise a particular appeals claim.[18]   The Supreme Court has quoted with approval the Seventh Circuit's standard that "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."[19]

B.

Kossie's appellate attorney argued: (1) that the evidence was insufficient to support the verdict because the state failed to prove that Kossie not only

---

[15] *Strickland*, 466 U.S. at 689.

[16] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403, 563 U.S. ___, ___ (2011) (internal citations and quotation marks omitted).

[17] *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983); *see also Robbins*, 528 U.S. at 288 (citing *Jones*).

[18] *Robbins*, 528 U.S. at 288.

[19] *Id.* (quoting *Gray v. Greer*, 800 F.3d 644, 646 (7th Cir. 1986)) (internal quotation marks omitted).

exhibited but also used a deadly weapon, and (2) that Kossie's trial attorney rendered ineffective assistance by failing (a) to object to the state's introduction of the letter that Kossie had written to the cashier and (b) to file a motion in limine, or to adequately object during trial, regarding the state's use of Kossie's prior criminal record.  Neither of these arguments presented a strong basis for appeal.

Kossie's indictment stated that he "use[d] and exhibit[ed] a deadly weapon" in the course of the robbery, while the evidence from trial only showed Kossie "exhibited" a firearm.  However, Texas courts have long held that conjunctive language in indictments may be proved in the disjunctive.[20]  The cashier's testimony allowed a jury to conclude that Kossie "exhibited" a firearm and was sufficient evidence of aggravated robbery under Texas law.[21]  Appellate counsel's sufficiency of the evidence challenge had little chance of success.[22]

Likewise, the ineffective assistance of counsel claims were also lacking. Appellate counsel challenged trial counsel's failure to object to the admission of the letter Kossie wrote to the cashier, but the trial court record included voir dire of Kossie, where he acknowledged that counsel told him they could prevent the

---

[20] *See Vaughn v. State*, 634 S.W.2d 310, 312 (Tex. Crim. App. 1982) (affirming a conviction for aggravated robbery when the indictment alleged the appellant did "threaten and place" the complainant in fear of imminent bodily injury while the jury charge only required the jury to find the appellant did "threaten *or* place" the complainant in fear of bodily injury); *see also Cowan v. State*, 562 S.W.2d 236, 240 (Tex. Crim. App. 1978) (allowing substitution of "or" for "and" in a rape charge); *see generally Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

[21] *See* TEX. PENAL CODE § 29.03(a)(2) (1993) (defining aggravated robbery as robbery in which the assailant uses *or* exhibits a deadly weapon).

[22] The standard of review makes this claim even weaker, especially when compared to the standard for a lesser-included offense challenge.  In a challenge to the sufficiency of the evidence, the appellate court must "consider all of the evidence in the record in the light most favorable to the jury's verdict." *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). By contrast, an appeal of the trial court's refusal to include a theft charge requires just "more than a scintilla of evidence" to demonstrate trial court error.  *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

letter from being admitted into evidence. Kossie demanded the letter be admitted because he thought it would further his case. Given trial counsel's efforts to ensure the explanation for allowing the letter into evidence was clearly set forth on the record, this ineffective assistance claim was meritless. As for Kossie's prior criminal history, trial counsel filed two motions in limine and also objected to the introduction of his criminal history at trial.[23] Appellate counsel simply needed to review the record to see that his ineffective assistance claims were weak, if not frivolous.

## C.

By contrast, the evidence supported a finding that the trial court erred by failing to instruct the jury on theft. To be eligible for a lesser-included offense instruction, the defense needed to show (1) that theft is a lesser offense included within the proof necessary to establish the offense charged and (2) that there is some evidence in the record that would permit the jury to find the defendant guilty only of the lesser offense.[24] The State does not challenge that theft is a lesser-included offense of aggravated robbery.[25] Rather, the State contends that Kossie was not entitled to this instruction because no evidence exists for a rational jury to have found Kossie guilty only of theft.

To be entitled to a lesser-included offense charge, there needs to be "[a]nything more than a scintilla of evidence" that would permit a rational jury to find the defendant guilty only of theft.[26] If any germane evidence exists, "it does not matter whether the evidence is strong, weak, unimpeached, or

---

[23] *Kossie v. State*, 1997 WL 109996, at *3 (Tex. App.—Houston [14th Dist.] Mar. 13, 1997, no writ) (unpublished).

[24] *See Campbell v. State*, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981).

[25] *See Bignall*, 887 S.W.2d at 23.

[26] *Id.*

contradicted."[27]   Moreover, even if the only evidence supporting the lesser-included offense is the defendant's testimony, that is sufficient to demand a lesser-included offense instruction.[28]

Here, Kossie testified that he left the Burger King with money from the register, but he insisted that he did not threaten the cashier nor did he display a weapon.  He asserted that the cashier assisted him in the theft.  In the letter from Kossie admitted at trial, he also wrote that the cashier was a party to the theft.  If the jurors believed Kossie's testimony, they could have found he was only guilty of theft by working with the cashier to take money from the restaurant without brandishing a weapon or threatening anyone.[29]   In other words, "[f]rom the germane evidence positively admitted at trial . . . a rational jury could find that a gun was not used or exhibited during the alleged robbery, while nevertheless finding that Appellant was a party to the lesser included offense" of theft.[30]   Accordingly, "the trial court's failure to give the proffered instruction was erroneous."[31]

---

[27] *Id.* at 24.

[28] *See Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985); *see also Williams v. State*, 314 S.W.3d 45, 51–53 (Tex. Crim. App. 2010) (finding that the defendant's testimony may have been "weak evidence," but it was sufficient for a jury to conclude the defendant was guilty of theft but not robbery, thus entitling the defendant to a lesser-included offense instruction).

[29] *Compare* TEX. PENAL CODE § 31.03(b)(2) (1993) (defining theft to include the knowing appropriation of property that is stolen), *with* TEX. PENAL CODE § 29.03(a)(2) (1993) (defining aggravated robbery as robbery in which the assailant uses or exhibits a deadly weapon), *with* TEX. PENAL CODE § 29.02(a)(2) (1993) (defining robbery as committing a theft in which the defendant intentionally or knowingly threatens or places another in fear of imminent bodily injury).

[30] *Bignall*, 887 S.W.2d at 24.

[31] *Id.*

No. 09-20581

D.

Although Kossie's trial counsel preserved the error, Kossie would only be entitled to relief on appeal if the trial court's error was not harmless.[32]  Under Texas law, failure to instruct on a lesser-included offense causes harm when the jury is faced with the dilemma of "whether to convict on the greater inclusive offense about which it harbors a reasonable doubt, or to acquit a defendant it does not believe to be wholly innocent."[33]  Here, although the jury was not instructed on theft, it was instructed on the intervening lesser-included offense of robbery and still convicted Kossie of aggravated robbery.  The jury's failure to convict for the lesser offense that *was* included in the jury charge "may, in appropriate circumstances, render a failure to submit the requested lesser offense harmless."[34]  Because the jury had the robbery offense as an available compromise, but elected to convict on the greater charge, the jurors may not have found themselves in the dilemma of either convicting for aggravated robbery when they had reasonable doubt or releasing a defendant they thought was a wrongdoer.  An intervening lesser offense does not automatically foreclose harm, but "a court can conclude that the intervening offense instruction renders the error harmless if the jury's rejection of that offense indicates that the jury legitimately believed that the defendant was guilty of the greater, charged offense."[35]

Thus, the issue here is whether the record creates a "realistic probability" that the jury was in the above dilemma, leading it to convict of an offense when it harbored reasonable doubt.  The harm of failing to include the theft

---

[32] *See Saunders v. State*, 913 S.W.2d 564, 569 (Tex. Crim. App. 1995).

[33] *Id.* at 573 (citing *Beck v. Alabama*, 447 U.S. 625 (1980)).

[34] *Masterson v. State*, 155 S.W.3d 167, 171 (Tex. Crim. App. 2005).

[35] *Id.* at 171–72.

instruction "must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."[36]

The prosecution submitted evidence showing that Kossie committed aggravated robbery by displaying a gun. Kossie submitted evidence that he committed only theft by taking money from the register with the cashier's help. Neither party argued that Kossie committed robbery by threatening the cashier without showing a weapon. In fact, the evidence contradicts a robbery conviction because the cashier testified that she thought Kossie was joking when he first asked for money. She did not believe he was a serious threat until he displayed the gun. It is conceivable that a jury could have found Kossie guilty of robbery, assuming he threatened the cashier without a weapon because no gun was recovered when he was arrested and several witnesses testified that the cashier looked nervous, dazed, or scared after the event. However, the real decision for the jury was whether Kossie committed theft with a gun (aggravated robbery) or theft without a gun. In closing arguments, the defense counsel asserted that Kossie was only guilty of theft, an option that was not available for the jury. Therefore, the jury may have had to choose between convicting Kossie of aggravated robbery, even if they had reasonable doubt, or acquitting a man they believed was guilty of theft. An appellate court could conclude that Kossie was harmed by the trial court's failure to provide the theft instruction.

Kossie's appellate attorney did not need to raise every nonfrivolous claim, but the trial court's refusal to instruct the jury on theft was more meritorious than all the claims actually raised by counsel. Appellate counsel's failure to appeal the refusal of theft instruction was not an exercise in winnowing out

---

[36] *Saunders*, 913 S.W.2d at 574 (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)) (internal quotation marks omitted).

No. 09-20581

weaker arguments, but rather counsel failed to appeal the most promising claim in Kossie's case, making his performance deficient.[37]

IV.

In addition to deficient performance, to prevail on his habeas claim, Kossie must also show prejudice, which the Supreme Court has defined as "a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal."[38]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome,"[39] which requires a "'substantial,' not just 'conceivable,' likelihood of a different result."[40]  Moreover, under AEDPA, a finding by this court that Kossie was prejudiced is not sufficient.  Rather, to grant relief, we must conclude that the state court's determination that Kossie was not prejudiced was objectively unreasonable.[41]

If Kossie had effective counsel, he may have won his appeal.  However, a state court may instead have found that Kossie was not harmed by the failure to instruct the jury on theft.  The facts of the case support a conclusion that the jurors were in a position of choosing between aggravated robbery with reasonable doubt or acquitting because there was no theft charge.  Yet the record

---

[37] *See Smith*, 528 U.S. at 288.

[38] *Robbins*, 528 U.S. at 285; *see also Moreno v. Dretke*, 450 F.3d 158, 168 (5th Cir. 2006) ("When the petitioner challenges the performance of his appellate counsel, he must show that with effective counsel, there was a reasonable probability that he would have won on appeal.").

[39] *Strickland*, 466 U.S. at 694.

[40] *Pinholster*, 131 S. Ct. at 1403 (quoting *Harrington v. Richter*, 131 S. Ct. 770, 777, 562 U.S. ___, ___ (2011)).

[41] *See id.* at 1411 (holding that "[e]ven if the Court of Appeals might have reached a different conclusion as an initial matter," the question under AEDPA review is whether the state court unreasonably applied Supreme Court precedent); *Richter*, 130 S. Ct. at 785 ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." (internal quotation marks omitted)); *see also Neal*, 286 F.3d at 246 ("The precise question . . . is whether the [state] court's ultimate conclusion . . . is objectively unreasonable.").

No. 09-20581

as a whole does not indicate that the state habeas court acted unreasonably.[42] In the sentencing phase, the jury started with a punishment range of fifteen years to life. If the jury was not convinced Kossie had committed aggravated robbery, it presumably would have sentenced him on the lower end of that scale. However, the jurors sentenced Kossie to life. If the jury believed Kossie was guilty only of misdemeanor theft but did not want to acquit a guilty man, it is unlikely the jurors would have sentenced Kossie to the maximum punishment, even factoring in his extensive criminal background.[43]

While Kossie satisfied the deficiency prong of *Strickland*, his satisfaction of the prejudice requirement is less clear. *Strickland* notes that "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."[44] To establish prejudice, Kossie must show that there was a "reasonable probability" that the result of the proceedings would have been different with adequate counsel.[45] Under the deferential AEDPA review, we find that the state court's conclusion that there was no prejudice, and thus no ineffective assistance of appellate counsel under *Strickland*, was not objectively unreasonable.[46]

Because Kossie did not demonstrate that the state court's conclusion was unreasonable, we AFFIRM the denial of habeas relief.

---

[42] *See Pinholster*, 131 S. Ct. at 1402–03.

[43] *See Campos v. State*, 2006 WL 1461155 (Tex. App.—Dallas May 30, 2006, pet. ref'd) (unpublished) (finding that the defendant was not harmed by the trial court's failure to instruct on the lesser-included offense of theft when the jury sentenced him to twenty-seven and a half years rather than the fifteen year minimum).

[44] *Strickland*, 466 U.S. at 693.

[45] *Id.* at 694.

[46] *See Neal*, 286 F.3d at 246.